Christopher ODOM, Plaintiff–Appellant,

v.

Governor Nikki HALEY; Mayor Joe Riley, City of Charleston; Mayor Keith Sumney, North Charleston; Judge Garfinkel; Judge Kristi Harrington; Judge Jefferson; State Attorney Alan Wilson; PD Ashley Pennington; Prosecutor Scarlet Wilson; Michael Grant; Dollar Tree; MUSC; Dr. Stephanie Montgomery; Carta Bus Co.; Carta Bus Wheelchair Lift Manufacturer; Carta Bus Insurer; Carta Bus Driver John; Officer Cherry, of Charleston Police Department; Officer Ho, of Charleston Police Department; Unknown Police Officer, with Officer Ho on December 16, 2014; Officer Tugya, of Charleston Police Department on October 29, 2012; Charleston Police Department; City of North Charleston Police Depart-

ment; City of Charleston Taxpayers; South Carolina State Taxpayers; County of Charleston Taxpayers; City of North Charleston Taxpayers; Champus, Insurer; Sheriff Al Cannon; FNU LNU, Female Victim Advocate; FNU LNU, Doctors from MUSC who approved placement of Plaintiff in SCDMH; Officer Richardson, Defendants–Appellees.

No. 15–7101.

United States Court of Appeals, Fourth Circuit.

Submitted: Nov. 23, 2015.

Decided: Dec. 30, 2015.

Christopher A. Odom, Appellant Pro Se.

Before AGEE and FLOYD, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed as modified by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher A. Odom appeals from the district court's order adopting in part the report and recommendation of the magistrate judge and dismissing Odom's complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B), 1915A (2012). The court dismissed certain counts of the complaint with prejudice and other counts without prejudice. The district court's or-

---

der also stated that the dismissal should count as a strike for purposes of 28 U.S.C. § 1915(g) (2012).

Odom did not allege, in either his objections to the magistrate judge's report or his informal brief on appeal, any specific errors in the district court's reasoning that Odom's complaint failed to state a claim. Accordingly, he has waived consideration of the district court's dismissal. See 4th Cir. R. 34(b) (failure to raise claim in informal brief); *Wright v. Collins,* 766 F.2d 841, 846–47 (4th Cir.1985) (failure to file objections to the magistrate judge's report). Regarding the district court's ruling that its dismissal was Odom's third strike under § 1915(g), we note that part of Odom's complaint was dismissed without prejudice. We have held that a dismissal without prejudice for failure to state a claim does not count as a strike under § 1915(g). *McLean v. United States,* 566 F.3d 391, 396–97 (4th Cir.2009); *see also Tolbert v. Stevenson,* 635 F.3d 646, 650–51 (4th Cir.2011) (holding that, in order to count as a strike, entire action must be dismissed as frivolous, malicious, or for failure to state a claim).

Thus, we hold that the district court's dismissal was not a strike, and we modify the district court's order accordingly. We grant leave to proceed in forma pauperis and affirm the district court's dismissal as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED.*